## BELL VOCATIONAL SERVICE, INC v BRIGGS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14721. Decided Oct 28, 1935

Krueger, Gorman & Davis, Cleveland, and Chas. Easly, Cleveland, for plaintiff in error.

No counsel appeared on behalf of defendant in error.

## OPINION

By LEVINE, J.

In our opinion rule 3 of the ordinance does not reasonably bear the construction given it by the trial court. The right of persons to contract with each other is fully guaranteed by the constitution. Any ordinance or law which seeks to abridge this right is open to question as to its validity. If the ordinance is held to be a valid exercise of the police power and therefore constitutional and valid, it must be strictly construed. In the instant case, while it is true that the defendant did not secure her position as stenographer on the first occasion when she and other girls were sent to The Thompson Products Company, she did within twenty-five days thereafter secure the position of stenographer. No one can doubt, after reading the findings of fact, but that the plaintiff employment agency was the procuring cause of the position which the defendant finally secured. Rule 3 of the ordinance strictly construed simply means that if an employment agency refers an applicant for a definite position such as the position of stenographer and the applicant fails to secure such position as stenographer, but accepts another position, such as bookkeeper, from the same employer, that the employment agency is not entitled to the fee charged for the first reference to a definite position, but shall instead charge a fee for the position actually secured. It contemplates a situation where the position secured was totally different from the definite position for which the applicant was referred.

It will be seen that Rule 3 contains nothing as to the time element, namely; as to when the applicant accepts another position from the same employer. The gravamen of the provision deals with a situation where the applicant is referred to the employer for one position which he fails to secure but accepts another position from the same employer. In that event, under the provisions of the ordinance, even though the other position so accepted from the same employer was had on the same occasion when she was referred for a defi-

nite position which she failed to secure, yet the employment agency in making its charge for service must base it upon the position actually secured. The defendant was referred to The Thompson Products Company for the definite position of stenographer. Within twenty-five days she secured such a position. We hold that this period of twenty-five days is a reasonable time so as to connect it with the original reference. The contract of employment contains a promise on the part of defendant that if she accepts a position through the Bell Vocational Service, Inc., any time within six months next to the execution of this contract, she will pay the requisite fee therein specified. She secured it within a much shorter time. The Bell Vocational Service is unquestionably the procuring cause of the position which the defendant secured. It is entitled to the fee provided for in the contract.

For these reasons the judgment of the Municipal Court is ordered reversed. Since the amount of fees is not in dispute, we shall enter judgment accordingly. A journal entry will be drawn to carry out the intent of this opinion.

LIEGHLEY, PJ, and TERRELL, J, concur in the judgment.